**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: Platinum Property Holdings Incorporated ) | | |
| ) | | |
| ) | 20-01792 | |
| ) | Chapter 11 | |
| ) | | |
| Debtor. ) | | |
| ) | Honorable Timothy Barnes | |

**NOTICE OF MOTION**

To:    SEE ATTACHED SERVICE LIST

Please take notice that on **March 10, 2020** at the hour of **10:00 a.m.**, or soon thereafter, I shall appear before the Honorable Timothy A. Barnes, in Courtroom 744 in the Dirksen Building, 219 S. Dearborn, Chicago, Illinois, 60604 and shall then and there present **6PC Justice Lake LLC's MOTION FOR RELIEF FROM STAY,** a copy of which was electronically filed using the CM/ECF system on March 3, 2020.

/S/J. Cory Faulkner
**J. CORY FAULKNER**
Attorney for 6PC Justice Lake LLC
217 N. Jefferson St., Suite 601
Chicago, Illinois 60661
312.655.0800 / Atty. No.: 6275891
jrs@ashenlaw.com

**CERTIFICATE OF SERVICE**

I, J. Cory Faulkner, hereby certify that on March 3, 2020, I electronically filed this Notice and 6PC Justice Lake LLC's *Motion for Relief from Stay* with the Clerk of the Court for the United States Bankruptcy Court for the Northern District of Illinois, by using the CM/ECF system. I certify that Debtor's Counsel in the case is a registered CM/ECF user and service was accomplished by the CM/ECF system on March 3, 2020.
    I further certify that a copy of this Notice and 6PC Justice Lake LLC*'s Motion for Relief from Stay* was mailed first class, postage paid, on March 3, 2020 to all parties on the attached Service List. Under penalties provided by law pursuant to 735 ILCS 5/1-109, the undersigned certifies that the statements made herein are true and correct.

/S/J. Cory Faulkner
**J. Cory Faulkner**
Attorney for 6PC Justice Lake LLC

**SERVICE LIST**

*Debtors' Attorney:*
Ben L Schneider
Schneider & Stone
8424 Skokie Blvd.
Suite 200
Skokie, IL 60077

*Debtor:*
Platinum Property Holdings Incorporated
9650 S. Nottingham Ave.
Unit 2F
Chicago Ridge, IL 60415

*U.S. Trustee:*
Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604
312-886-5785

Piotr Palider
9650 S. Nottingham
Unit 2F
Chicago Ridge, IL 60415

4343 N. Clarendon Condo Association
4343 N. Clarendon
Chicago, IL 60613

First Merchants Bank
200 E. Jackson St.
Muncie, IN 47305

City of Chicago Department of Finance
121 N. LaSalle, 7th Fl
Chicago, IL 60602

Lincoln Financial
PO Box 6508
Mesa, AZ 85216-6508

Commonwealth Edison Company
ComEd Bankruptcy Department
1919 Swift Drive
Oak Brook, IL 60523

People's Gas Light and Coke Co.
200 E. Randolph St.
Chicago, IL 60601

FG Trading Inc.
6357 N. Fairfield Ave.
Chicago, IL 60659

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In Re: Platinum Property Holdings Incorporated ) | |
| ) | Case No. 20-01792 |
| ) | |
| ) | Chapter 11 |
| ) | |
| Debtor. ) | Judge Timothy Barnes |
| ) | |

**MOTION FOR RELIEF FROM STAY**

The Movant, **6PC Justice Lake LLC** (hereinafter "Movant"), through its attorneys, Ashen|Faulkner, hereby moves this Honorable Court to enter an order, pursuant to 11 U.S.C. §362(d), for relief from the stay imposed in this matter to allow Movant to take possession and control of the Collateral listed herein, and in support thereof Movant states as follows:

**I.  Statement of Facts**

1. Movant is a real estate investment company with its principal office located in Chicago, Illinois.

2. On or about September 17, 2014, Platinum Property Holdings Incorporated ("Debtor") executed a Promissory Note ("Note") with Movant's predecessor in interest, First Merchants Bank ("First Merchants"). A true and correct copy of the Note is attached hereto as **Exhibit A.**

3. On or about September 17, 2014, to secure the Note, Debtor executed a Mortgage ("Mortgage" and collectively with the Note and other documents evidencing the loan associated therewith, "Loan Documents") to First Merchants on the following property located at 5235 W. Lake Street, Chicago, IL ("Property"):

LOTS 1, 2 AND 3 (EXCEPT THE WESTERLY 16.06 FEET OF SAID LOT 3) IN BLOCK 1 IN THE RESUBDIVISION OF BLOCK 1 AND LOTS 1 TO 11 IN BLOCK 2 OF JEROME E. BATES'

1

    SUBDIVISION OF THAT PART OF THE WEST 1/2 OF THE EAST 1/2 OF THE NORTHEAST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 9, TOWNSHIP 39 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

    A true and correct copy of the Mortgage is attached hereto as **Exhibit B.**

4. On July 15, 2018, Debtor defaulted on the Note for failing to make payment of principal, interest and escrow, as required by the Loan Documents. Borrower also defaulted on the Loan Documents by allowing unpermitted liens to be placed on the Property.

5. Due to the Debtor's default, First Merchants filed for foreclosure against the Property on September 12, 2018.

6. On March 12, 2019, the City appointed a receiver to, *inter alia*, (i) vacate the Property, (ii) make repairs, and (iii) abate any dangerous and hazardous conditions at the Property. See the Emergency Petition for Appointment of a Limited Receiver attached hereto as **Exhibit C**.

7. On or about March 20, 2019, First Merchants appointed a receiver ("Bank Receiver") of its own for the Property.

8. The Debtor refused to comply with the requests of the Bank Receiver for Debtor to provide leases for the Property. See page 1 of the Final Report of Receiver attached hereto as **Exhibit D**.

9. Upon the Bank Receiver's appointment, the Bank Receiver found several major water leaks that he was unable to successfully repair. *Id.* Movant last inspected the Property in December of 2019, and the leaks were still present. On information and belief, the leaks persist to this date.

10. Subsequently, on or about July 11, 2019, the Bank Receiver withdrew from his duties as receiver for the Property due to the "deplorable maintenance" and "bad condition" of the

Property. *Id.*

11. On July 9, 2019, the City of Chicago ("City") again appointed a receiver ("City Receiver"). On July 16, 2019, the City Receiver was ordered to, *inter alia*, vacate the Property and repair water leaks. See the July 16, 2019 order attached hereto as **Exhibit E.** The City Receiver was authorized to spend up to $15,000 for the water repairs. *Id.*

12. As of August 31, 2019, the City Receiver had incurred expenses of $69,287.78. The City Receiver's Supplemental Brief in Support of Motion for Approval of Receiver's First Interim Account ("Receiver's First Report") is attached hereto as **Exhibit F**.

13. The condition of the Property is shown in the pictures attached to the Receiver's First Report.

14. On September 9, 2019, the City entered a permanent injunction against the Property. See the recorded Order of Permanent Injunction attached hereto as **Exhibit G**.

15. The City Receiver's Certificated filed on December 23, 2019 ("Receiver Certificate") in the amount of $69,287.78 is now a first-position lien on the Property; superior to that of Movant. A true and correct copy of the Receiver's Certificate is attached hereto as **Exhibit H**.

16. Interest continues to accrue on the amount owed the City Receiver, and additional charges are being incurred for the City Receiver to secure, operate and manage the Property. On information and belief, break-ins are occurring at the Property on a more than weekly basis.

17. On October 21, 2019, a Judgment of Foreclosure and Sale was entered against Debtor in favor of First Merchants. A true and correct copy of the Judgment of Foreclosure and Sale is attached hereto as **Exhibit I**.

18. On or about November 22, 2019, First Merchants assigned its rights under the Note and Mortgage to Justice Lake Note Buyer, LLC. A true and correct copy of the Allonge is attached hereto as **Exhibit J**.

19. Subsequently, on or about November 26, 2019, the Mortgage and Note were assigned to Movant. True and correct copies of the Assignment of Mortgage and the Allonge are attached hereto as **Exhibit K**.

20. The Property remains vacant and boarded up.

21. The 2018 property taxes were $35,634.51 ($2,969.54/month), and the 2019 first installment of taxes in the amount of $19,598.98 is due on March 3, 2020. A true and correct copy of the outstanding tax bill is attached hereto as **Exhibit L**.

22. The annual insurance premium for the Property is $14,482.00 ($1,206.83/month). See the affidavit of the Movant's representative ("Movant's Affidavit") attached hereto as **Exhibit M.**

23. The balance due and owing Movant from Debtor under the Loan Documents as of October 21, 2019 was $1,627,576.25. Interest continues to accrue at $343.52/day ($10,305.60/month).

24. The Property requires an investment of $800,000 - $1,100,000 to restore it to habitability and would cost an additional $30,000 - $45,000 in brokers' fees to fully lease. *See* paragraphs 11 and 12 of the Movant's Affidavit.

25. Per the Debtor's filed schedules, the principal of Debtor's monthly income is $1,800.00.

26. The Property is worth approximately $499,000.00. See the Comparative Market Analysis attached hereto as **Exhibit N** at page 28.

## II. Statement of Law

27. Pursuant to Section 362(d) the Court will grant a creditor relief from the automatic stay:

    "(1) for cause, including the lack of adequate protection of an interest in

> property of such party in interest; (2) with respect to a stay of an act against property under subsection (a) of this section, if – (A) the debtor does not have equity in such property; and (B) such property is not necessary to an effective reorganization"

11 U.S.C. §362(d).

28. "A debtor has no equity in the property for the purposes of section 362(d)(2) when the debts secured by liens on the property exceed the value of the property." *In re: Nicholas J. Stincic*, 559 B.R. 890, 898 (W.D. Wis. 2016).

29. A party is deemed to be inadequately protected if the collateral is depreciating in value, and the secured creditor is not receiving cash payments at least equal to the amount by which the collateral is depreciating. *United States Ass'n of Texas v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365 (1988).

### III. Argument

30. The Property is nearly $1,200,000 under water. The Property is vacant, produces no income, requires an investment of approximately $1,000,000 to make the Property habitable, is accruing continuing fees from the appointed City receiver, has a permanent injunction against it, and is accruing monthly carrying costs that the Debtor cannot afford to pay. Given the foregoing, the Debtor cannot provide adequate protection payments. Additionally, as the Property is operating at a significant net loss, not only is the Property not necessary for the Debtor's effective reorganization, it is a hindrance thereon.

**A. There is no equity in the Property, and the stay must be modified.**

31. The value of the Property is approximately $499,000, and Debtor remains liable for an amount in excess of $1,627,576.25. Because Debtor's obligation under the Mortgage

outweighs the fair market value of the Property, Debtor has no equity in the Property.

32. Additionally, Debtor has not made a payment on the secured debt since June 2018, further evidencing Debtor's lack of equity in the Property. *See Federal National Mortgage Association v. Dacon Bolingbrook Associates Limited Partnership*, 153 B.R. 204, 208 (N.D. Ill. 1993).

33. Since the Movant can prove Debtor's lack of equity in the Property, the burden shifts to Debtor, as "the party opposing relief from the automatic stay has the burden of proof on all other issues." *Id.* (citing 11 U.S.C § 362(g)(1)). These other issues include proving that adequate protection exists for any significant diminution in the value of collateral. *Id.*

**B. Debtor lacks the financial ability to make adequate protection payments.**

34. The principal of Debtor has a stated monthly income of $1,800.00. The Property itself, believed to be the only asset of Debtor, is vacant and is operating at a substantial deficit.

35. Debtor's principal's total monthly income is insufficient to pay even the equivalent of one month's real estate taxes of $2,969.54 and barely sufficient to pay one month's insurance liability of $1,206.83.

36. The Debtor has no ability to pay the current debt service of $10,305.60/month.

37. Additionally, in order to adequately protect Movant, Debtor would need to pay immediately the full balance of the City Receiver's lien, which is currently estimated to be in excess of $75,000.00, as well as the first installment of 2019 taxes in the amount of $19,598.98.

38. Considering only the City Receiver's lien and the outstanding 2019 tax bill, Debtor would need to make an immediate payment of at least $94,598.98 ("Initial Protection Payment").

39. Assuming Debtor was able to pay the Initial Protection Payment, Debtor would need to demonstrate the ability to raise $1,000,000 to return the Property to habitability before it could begin to service the debt, taxes, insurance or maintenance on the Property. Debtor has

6

demonstrated no ability to obtain the necessary $1,000,000+ to rehabilitate the Property.

40. The Debtor lacks the financial wherewithal to provide adequate protection payments to Lender, and the stay must be lifted to allow Movant to complete the foreclosure.

**C. The Property is a hindrance on the Debtor's ability to successfully reorganize.**

41. The Property is a liability. It is not only unnecessary for the successful reorganization of Debtor, it is a hindrance on the Debtor's ability to successfully reorganize.

42. The Property is operating at a significant deficit, particularly when factoring in debt service. As there is no income from the Property, it does not aid in the Debtor's reorganization.

43. As noted above, the Debtor would need to invest well over $1,100,000 to make the Property viable. Debtor has provided no evidence that it can obtain those funds in a reasonable time, if at all.

44. Upon information and belief, the Property is the Debtor's only asset. With the Property operating at significant deficit, Debtor has no reasonable possibility of a successful reorganization.

45. The Debtor's inability to present a "reasonable possibility of a successful reorganization within a reasonable time" is an additional basis to modify the stay. *In re Mayslake Village-Plainfield Campus, Inc.*, 441 B.R. 309, 324 (2010) (citing *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 375-76 (1988)).

46. Given the absence of income, the continuing operating expenses and extensive investment required to restore the Property, the Property is not only unnecessary for the Debtor's effective reorganization, it is a *hindrance* on the Debtor's attempted reorganization. Therefore, the stay must be lifted, and Movant should be allowed to proceed with the foreclosure.

**D. Debtor filed the instant Bankruptcy solely for the purpose of delaying the foreclosure.**

47. In addition to the above, "[l]ack of good faith in filing a Chapter 11 petition is adequate cause for . . . relief from stay under 11 U.S.C. section 362(d)(1)." *In re MGN Co., III*, 116 B.R. 654, 657 (S.D. Ind. 1989).

48. "Certain factors tend to recur in cases where good faith is an issue, including . . . 6. The petition was filed on the eve of foreclosure." *Id.*

49. Here, foreclosure was filed on September 12, 2018, and Movant was granted a judgment of foreclosure and sale from Illinois state court on October 21, 2019. However, the bankruptcy petition was not filed by Debtor until January 21, 2020, the day before the Foreclosure sale was scheduled to take place.

50. It is Movant's contention that Debtor filed its petition for the sole purpose of avoiding the foreclosure sale.

51. For the reasons set forth above and pursuant to 11 U.S.C. §362(d), this Honorable Court must modify the automatic stay, and allow Movant possession of the Property.

**WHEREFORE,** the Movant, **6PC Justice Lake LLC,** prays that this Honorable Court enter the following Order:

A. Enter an Order Modifying the Automatic Stay and grant Movant the right to enforce its rights under the Loan Documents and complete the pending foreclosure to recover the Property commonly known as the following:

LOTS 1, 2 AND 3 (EXCEPT THE WESTERLY 16.06 FEET OF SAID LOT 3) IN BLOCK 1 IN THE RESUBDIVISION OF BLOCK 1 AND LOTS 1 TO 11 IN BLOCK 2 OF JEROME E. BATES' SUBDIVISION OF THAT PART OF THE WEST 1/2 OF THE EAST 1/2 OF THE NORTHEAST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 9, TOWNSHIP 39 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

PIN: 16-09-305-002-0000
Common Address: 5235 W. Lake St., Chicago, IL

B. In the event that the Court does not lift the Automatic Stay, it is requested that the Court Order the Debtor to provide evidence of insurance on the Property, and pay Movant adequate protection payments in the amount of, minimally, $94,598.98 instanter;

C. For such other relief as the Court deems just and equitable.

> Respectfully submitted,
> **6PC Justice Lake LLC,**
>
> By: /s/ J. Cory Faulkner
>     Attorney for Plaintiff

J. Cory Faulkner
Ashen|Faulkner
217 N. Jefferson St., Ste. 601
Chicago, IL  60661
(312) 655-0800
ARDC No. 6289457
jcf@ashenlaw.com